# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MARCEL D. SANDERS, ) <br> ) <br> Movant, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Case No. 16-00659-CV-W-FJG <br> Crim. No. 10-0160-01-CR-W-FJG |

## ORDER

Pending is Petitioner's Motion to Continue Stay (Doc. No. 8, filed on March 31, 2017). In this case, Petitioner argued that Johnson v. United States, 135 S. Ct. 2551 (2015) (holding that the "residual clause" of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague), should apply retroactively to collateral cases challenging federal sentences enhanced under the career-offender provision of the United States Sentencing Guidelines. Petitioner requested and was granted a stay until the Supreme Court considered this particular issue in Beckles v. United States. See 616 F. App'x 415 (11th Cir. 2015), cert. granted, 2016 WL 1029080 (U.S. June 27, 2016) (No. 15-8544). On March 6, 2017, the Supreme Court issued its decision in Beckles, finding that the advisory Sentencing Guidelines are not susceptible to a void-for-vagueness challenge, unlike the ACCA. Beckles v. United States, 580 U.S. --, 137 S.Ct. 886, 897 (2017). Therefore, because petitioner was sentenced solely under the advisory Sentencing Guidelines, Johnson cannot be used to vacate his sentence as the Supreme Court rejected this theory in Beckles.

Petitioner's counsel moves to stay this matter in order to determine whether her client wishes to voluntarily dismiss this case, noting she has had difficulty communicating with her client. Petitioner's counsel notes that the government does not oppose this motion, but the government has indicated that if the petitioner had not already dismissed this petition, the government would file a motion seeking a dismissal with prejudice on April 17, 2017. As of the date of this Order, petitioner has not filed a motion to dismiss his petition.

On April 17, 2017, the government filed its promised motion to dismiss this action. See Doc. No. 9. Specifically, the government seeks an order (1) lifting the July 8, 2016, Beckles- based stay in this matter; (2) denying on the merits the pending § 2255 motion; and (3) denying petitioner a certificate of appealability, given the Supreme Court's decision in Beckles. The Court finds the government's position has merit, as the Supreme Court's decision in Beckles forecloses petitioner's claim in his § 2255 motion.

Accordingly, the Court finds that (1) petitioner's motion to continue the stay in this matter (Doc. No. 8) is **DENIED**, and the stay in this matter is lifted; (2) petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED WITH PREJUDICE**, as the residual clause found in the advisory Sentencing Guidelines is not subject to a void-for-vagueness challenge pursuant to Beckles, 137 S.Ct. at 895-97; and (3) petitioner will be denied a motion for certificate of appealability, in that the issues raised are not debatable among reasonable jurists, nor could a court resolve the issues differently.

**IT IS SO ORDERED.**

Date: May 5, 2017　　　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　United States District Judge